**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

VIVIAN JANET BOWMAN,

    Plaintiff,

v.

JUDGE MICHAEL L. BACHMAN,

    Defendant.

Case No. 1:15-cv-38

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On January 20, 2015, Plaintiff filed a motion seeking leave to file a complaint in this Court *in forma pauperis*, or without payment of fees. (Doc. 1). Attached to Plaintiff's motion is a copy of the proposed complaint. (Doc. 1-1).

**I. General Screening Authority**

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The complaint itself is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or

arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327.

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not

contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

## II. Allegations Of Complaint

Plaintiff's complaint identifies the single Defendant, "Judge Michael L. Bachman." (Doc. 1 and 1-1 at 2). In her Statement of Claim, Plaintiff alleges that she appeared before Judge Bachman, further identified as a Hamilton County Magistrate, for a hearing on December 5, 2014.[1] The hearing was for the purpose of obtaining a civil protection order ("CPO") under Ohio law against "criminal Tipton Wayne Eagerton" who Plaintiff alleges "is a stalker a harasser a predator <u>who does not take NO for an answer.</u>" (Doc. 1-2 at 2, emphasis original). Although the final order is not attached to the complaint, it is apparent that Magistrate Bachman denied Plaintiff's request.

Plaintiff generally alleges that the denial of her request and manner in which Defendant Bachman treated her amount to "Betrayal, treachery, or breach of allegiance of obedience toward The United States sovereign government, " as well as "treason" to the extent that Judge Bachman's action gave "aid and comfort to a criminal…name Tipton Wayne Eagerton…." (Doc. 1-2 at 1-2). Plaintiff further asserts that Defendant Bachman's character is "a guilty perfidy," that he "acts on everything contrary to loyalty and truth," and "is deceitful towards the law." (Doc. 1-2 at 2). Plaintiff particularly

---

[1] Attached to Plaintiff's complaint as exhibits is an order dated September 19, 2014 that initially denied Plaintiff's *ex parte* request for a protection order, and set the matter for a full hearing. The hearing was originally scheduled for October 20, 2014 but subsequently was continued and held on December 5, 2014.

objects to Defendant's refusal to "allow me to speak" at one point in the hearing, when she wished to object "to the liar words spoken by stalker Tipton Wayne Eagerton." She alleges that she was denied equal protection of the law because she was "not given an equal chance to tell my side of why I was there…." (Doc. 1-2 at 3). She suggests that Defendant "shows hate and prejudice towards me because I have white skin and because I am an honorable woman who is fighting within the law" and accuses the Defendant of "promot[ing] human trafficking." (Doc. 1-2 at 3).

Among the exhibits attached to Plaintiff's complaint is a grievance she alleges that she sent to the Disciplinary Council of the Supreme Court of Ohio and/or to the local bar association concerning the same case. The grievance, like her compliant in this Court, sets forth her dispute with Defendant's handling of her CPO hearing on December 5, 2014, and ultimate denial of her CPO request. Plaintiff further alleges in that grievance that "it did look as though this judge was taking a bribe from this old man [Eagerton] and whatever immoral group they participate in," and that the "Impropriety appearance" is alone sufficient to hold the Defendant responsible because a judge is required to avoid the appearance of impropriety. (Doc. 1-2 at 7-8). In her grievance, Plaintiff seeks an apology from Defendant, and indicates that she has also spoken to the FBI about the incident.

In the complaint filed in this Court, Plaintiff states that she seeks "most of all" for "this Court to be aware" of the Defendant's conduct. However, as more tangible relief, she states that she is seeking an order "to exclude this terrible defendant from being a Judge." (Doc. 1-1 at 4).

4

**III. Analysis of Claims**

Applying the relevant screening standards, the undersigned recommends that Plaintiff's complaint be dismissed in its entirety for lack of jurisdiction and/or for failure to state a claim upon which relief may be granted.

Although it is unclear whether Plaintiff actually seeks monetary relief, it is worth noting that judges are absolutely immune from monetary damages for their judicial acts. "It is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions. *Pierson v. Ray,* 386 U.S. 547, 553-54 [87 S.Ct. 1213, 18 L.Ed.2d 288] (1967) (judges); *Denman v. Leedy,* 479 F.2d 1097, 1098 (6th Cir.1973) (municipal court clerk)." *Yarbrough v. Garrett*, 579 F. Supp. 2d 856, 873 (E.D. Mich. 2008)(internal quotation mark and additional citations omitted). *See also generally Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). All of the acts alleged against the Defendant were performed in his judicial capacity in adjudicating the civil protection order. To the extent that Plaintiff may seek any monetary damages, this suit should be dismissed. *See, e.g., Barnard v. O'Connell*, No. 3:09-CV-340, 2009 WL 3199068, at *2 (S.D. Ohio Sept. 29, 2009)(dismissing suit against county magistrate based upon allegedly improper adjudication of civil protection order).

On the other hand, in *Pulliam v. Allen*, 466 U.S. 522 (1984), the U.S. Supreme Court clarified that the doctrine of judicial immunity does not bar all prospective injunctive relief against a judicial officer. One could characterize Plaintiff's request for the removal of Defendant from his position as a Hamilton County Magistrate as a request for injunctive relief. To the extent so characterized, however, dismissal remains

appropriate based upon Plaintiff's failure to state a claim.[2]  Plaintiff's complaint alleges that subject matter jurisdiction exists based upon the Defendant's action in depriving her of "a right secured by federal law or the Constitution," pursuant to 28 U.S.C. §1343(3) and 28 U.S.C. §1331.  (Doc. 1-1 at 2).

A civil rights claim brought pursuant to 42 U.S.C. §1983 must satisfy two elements: "1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)(citing *Ellison v. Garbarino,* 48 F.3d 192, 194 (6th Cir.1995) (internal quotation marks and citation omitted)).  The allegations by Plaintiff against Defendant, as set forth in her complaint and attached exhibits, fail to assert the deprivation of any of right secured by the Constitution or laws of the United States.  At most, the allegations reflect Plaintiff's disagreement with the outcome of her state court case, and her disappointment with Defendant's judicial temperament as well as with his ruling.  The only allegation suggesting any constitutional violation accuses the Defendant of denying Plaintiff "equal protection."  Yet, the most liberal construction of Plaintiff's allegations fails to make out any constitutional violation, including but not limited to an equal protection claim.  Rather, the allegations reflect Plaintiff's dismay with the procedures and outcome of the evidentiary hearing held before the Defendant, including the Defendant's alleged refusal to permit her to explain her objection to the ongoing testimony of the person against whom the CPO was sought, at the time that Plaintiff wished to speak.

---

[2] Because Plaintiff so clearly fails to state a claim on the facts presented, it is unnecessary to review under what circumstances (if any) jurisdiction would ever exist over a civil rights suit that seeks to remove a sitting state court judge for alleged judicial misconduct in a single, recently decided (and presumably appealable) state court case.

6

### IV. Conclusion and Recommendation

For the reasons stated, IT IS RECOMMENDED THAT all claims contained in Plaintiff's complaint be dismissed with prejudice, pursuant to 28 U.S.C. §1915(e).

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

VIVIAN JANET BOWMAN,                                       Case No. 1:15-cv-38

    Plaintiff,
                                                          Barrett, J.
    v.                                                                                 Bowman, M.J.

JUDGE MICHAEL L. BACHMAN,

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

                                                              *s/ Stephanie K. Bowman*
                                                              Stephanie K. Bowman
                                                              United States Magistrate Judge